MOORE, Judge,
concurring specially.
In these appeals, D.F.H., the father, argues that the St. Clair Juvenile Court (“the juvenile court”) erred in terminating his parental rights because, he says, (1) the juvenile court could have placed his four children with Ja.K. and Jo.K, the children’s paternal aunt and uncle, and (2) the juvenile court did not have sufficient evidence before it to support its findings that the St. Clair Department of Human Resources (“DHR”) had used reasonable efforts to place the children with their relatives. Before addressing those issues, this court must first decide whether, under the new Alabama Juvenile Justice Act (“the AJJA”), Ala.Code 1975, § 12-15-101 et seq., a parent may raise such concerns in a termination-of-parental-rights proceeding.
Section 12-15-319(a), Ala.Code 1975, sets forth the grounds upon which parental rights to a child may be terminated. That Code section provides, in pertinent part:
“If the juvenile court finds from clear and convincing evidence, competent, material, and relevant in nature, that the parents of a child are unable or unwilling to discharge their responsibilities to and for the child, or that the conduct or condition of the parents renders them unable to properly care for the child and that the conduct or condition is unlikely to change in the foreseeable future, it may terminate the parental rights of the parents.”
Thereafter, § 12-15-819(a) lists a variety of factors a juvenile court must consider when determining whether a parent is unable or unwilling to discharge his or her parental responsibilities to and for the child. See § 12-15-319(a)(1)-(12). No language in the operative statute states, or even implies, that parental rights may be terminated only when no suitable relative *1093 exists who is willing to assume custody of the child.
Other sections of the AJJA do refer to placement of dependent children with suitable relatives. See Ala.Code 1975, §§ 12-15 — 314(a)(3)c. and 12-15-315. Pursuant to Ala.Code 1975, § 12-15-317(a)(2)a., when a dependent child is placed with such a relative, a petition to terminate parental rights need not be filed, even when the circumstances would otherwise require the filing of such a petition. However, those Code sections do not express or imply any legislative intention that a juvenile court may not terminate parental rights on the basis that a suitable and willing relative exists who may properly assume custody of the child. To the contrary, § 12-15-317, by authorizing a parent to file a petition to terminate the parental rights of another parent, recognizes that the existence of a suitable custodial relative does not prevent the termination of parental rights. As written, the AJJA contains no provision that premises the termination of parental rights on the proven absence of a suitable relative willing to assume custody of the child.
Likewise, the old statutory scheme contained no explicit language precluding a juvenile court from terminating parental rights based on the presence of a suitable and willing relative who could exercise custody over a child. In Ex parte Beasley, 564 So.2d 950, 954 (Ala.1990), our supreme court, in addressing that statutory scheme as it existed in 1990, held that, before parental rights may be terminated, a juvenile court must exhaust all viable alternatives. That edict was once interpreted by this court, probably mistakenly, see D.M.P. v. State Dep’t of Human Res., 871 So.2d 77, 94 (Ala.Civ.App.2003), as requiring a juvenile court to eliminate the possibility of placing the child with a relative as a prerequisite to terminating parental rights. In A.E.T. v. Limestone County Department of Human Resources, 49 So.3d 1212 (Ala.Civ.App.2010), this court recently held that the mere existence of a potential relative custodian would not prevent the termination of parental rights if placement with that relative does not serve the best interests of the child.
Assuming that the legislature, by using a similar statutory scheme, carried forward the holding of Beasley as now interpreted by A.E.T., the issue whether placement with a relative serves the best interests of the child remains a relevant issue. However, I am of the opinion that that particular inquiry should be made in the dispositional stage of a dependency proceeding, see Ala.Code 1975, § 12-15-311, or at a permanency hearing, see Ala. Code 1975, § 12-15-315, but not in a termination-of-parental-rights hearing where the sole issue should be determining whether one of the two statutory grounds for termination exist. A termination-of-parental-rights hearing simply is not the forum for considering the suitability of potential custodial relatives and the viability of placing the child with those relatives. See A.D.B.H. v. Houston County Dep’t of Human Res., 1 So.3d 53, 68-73 (Ala.Civ.App.2008) (Moore, J., concurring in part and concurring in the result).
Nevertheless, I recognize that the juvenile court in this case, consistent with the practice of most of our juvenile courts, allowed the parties to litigate the issue of the viability of placing the children with the paternal aunt and uncle in the same proceeding in which grounds for termination were also litigated. As such, the issue was adjudicated and preserved for our review. I concur with the main opinion that the juvenile court did not err in concluding that such placement was not a viable alternative to the termination of the parental rights of the father. I also concur with the main opinion that the juvenile court did not find that DHR had used *1094 reasonable efforts to rehabilitate the relationship between the children and the paternal aunt and uncle and that, even if it had made such a finding erroneously, the finding would be harmless error.
THOMAS, J., concurs.